Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1

# UNITED STATES DISTRICT COURT

District of North Dakota

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| Matthew William Gust | ) | Case Number: **3:16-cr-8** |
| | ) | USM Number: **15550-059** |
| | ) | **Theodore T. Sandberg** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **ONE (1), TWO (2) of the Information.**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 844(i) | Malicious Use of Explosive Materials | 12/08/2015 | 1 |
| 18 USC §§ 245(b)(2)(C) and (F) | Interference With a Federally Protected Activity | 12/08/2015 | 2 |

   The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)   **Indictment**   ☑ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 6, 2016**
Date of Imposition of Judgment

_/s/ Ralph R. Erickson_
Signature of Judge

**Ralph R. Erickson**   **U.S. Chief District Judge**
Name and Title of Judge

_Sept. 7, 2016_
Date

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Matthew William Gust
CASE NUMBER: 3:16-cr-8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**180 months on count 1 and 120 months on count 2. Count 2 shall run concurrent to count 1. He should receive credit for any time served from 12/14/15, including the time spent in state custody.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**see page 3**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 2A — Imprisonment

Judgment—Page __3__ of __7__

DEFENDANT:  Matthew William Gust
CASE NUMBER:  3:16-cr-8

# ADDITIONAL IMPRISONMENT TERMS

1. That the defendant be evaluated, while in custody, for his mental health problems and receive treatment for these issue. They are contributing to his problems.

2. That the defendant be permitted to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) of the Bureau of Prisons, and that he be afforded any benefit from successful completion of this program.

3. That the defendant be allowed to serve his sentence in Oxford, WI.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Matthew William Gust
CASE NUMBER: 3:16-cr-8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**3 years**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3C — Supervised Release

Judgment—Page 5 of 7

DEFENDANT:  Matthew William Gust
CASE NUMBER:  3:16-cr-8

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program or course of study aimed at improving educational level or employment skills, for example, obtain a GED, participate in or complete a vocational training program or participate in a literacy program, as directed by the supervising probation officer.

2. The defendant shall participate in a program aimed at addressing specific interpersonal or social areas, for example, anger management, relationship counseling, financial counseling or cognitive skills, as directed by the supervising probation officer.

3. The defendant shall undergo a mental health evaluation and, if recommended, participate in mental health treatment/counseling program as approved by the supervising probation officer.

4. The defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants.

5. Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

6. The defendant shall undergo a chemical dependency evaluation and, if recommended, participate in a chemical dependency treatment program as approved by the supervising probation officer.

7. The defendant shall submit their person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

8. As directed by the court, if during the period of supervised release the supervising probation officer determines that defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The court retains and exercises ultimate responsibility in this delegation of authority as required by law. The defendant has a right to a hearing to determine if placement is appropriate and may request a hearing to determine whether the recommended placement is appropriate.

9. The defendant shall disclose his financial situation at the request of the supervising probation officer.

Special Findings Justifying Special Conditions:

a. History of substance abuse. The defendant has been using alcohol and controlled substances for most of his adult life and it played a role in this offense.

b. The defendant would likely recidivate or violate conditions of supervision based on the PCRA results without significant treatment.

c. Used alcohol/drugs in relation to the instant offense. The defendant stated he was intoxicated and high at the time of the offense.

d. Prior legal problems related to use. Police reports reflect alcohol usage during many of his offenses.

e. Prior disruption of work, school, or home due to substance abuse. The defendant stated there were many occasions where he would be intoxicated at work.

f. Cognition concerns. The defendant does not take responsibility for his actions and has not demonstrated living a conventional lifestyle. His impulse control problems are significant.

g. History of violations on supervision. The defendant has violated his supervision in both the juvenile and adult state system.

h. Mental health concerns. The defendant has previously been diagnosed with ADHD, ADD, bi-polar syndrome and Conduct Disorder.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: **Matthew William Gust**
CASE NUMBER: **3:16-cr-8**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ to be determined |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 6 — Schedule of Payments

DEFENDANT: **Matthew William Gust**
CASE NUMBER: **3:16-cr-8**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ **200.00** due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

  **All criminal monetary payments are to be made to the Clerk's Office, US District Court, 655 1st Avenue North, Suite 130, Fargo, ND  58102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.