IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
V.                            )        CASE NO.: 3:16-CR-00008
                              )        HONORABLE UNITED STATES
                              )        JUDGE R. ERICKSON
                              )
MATTHEW GUST                  )
        DEFENDANT.            )        DEFENDANT GUST'S
                              )        RESTITUTION MEMORANDUM
                              )
_____)


Now comes defendant Matthew Gust by and through his attorney Theodore T. Sandberg, and submits this Restitution Memorandum for review by the Court.

## I. General Background:

Defendant has pled guilty to Malicious Use of Explosive Materials (Count I) and Interference with a Federally Protected Activity (Count II). At sentencing, the Court requested that the Government and the Defendant submit briefing in support of their disparate opinions regarding restitution.

In short: The Government is seeking restitution in excess of $250,000.00; the Defendant is seeking to pay restitution only to the extent that the alleged victims

_____

were actually out of pocket, specifically the insurance deductibles paid by the victims.

## II. Legal Review

The Defendant understands that 18 U.S.C. § 2259, et. seq., controls at least the majority of the discussion regarding Mr. Gust's restitution.

The statute provides:

18 U.S.C. sec. 2259

> (a) In General.—
> Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> (b)  Scope and Nature of Order.—
> > (1) Directions.—
> > The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
> >
> > (2) Enforcement.—
> > An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
> >
> > (3) Definition.—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for—
> > > (A)  Medical services relating to physical, psychiatric, or psychological care;
> > > (B)  Physical and occupational therapy or rehabilitation;
> > > (C)  Necessary transportation, temporary housing, and child care expenses;
> > > (D)  Lost income;
> > > (E)  Attorneys' fees, as well as other costs incurred; and

  (F) Any other losses suffered by the victim as a proximate result of the offense.

 (4) Order mandatory.—
  (A) The issuance of a restitution order under this section is mandatory.
  (B) A court may not decline to issue an order under this section because of—
   (i) The economic circumstances of the defendant; or
   (ii) The fact that a victim has, or is entitled to, receives compensation for his or her injuries from the proceeds of insurance or any other source.

(c) Definition.—
For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

On the matter of restitution, the Defendant also asks that the Court review 18 U.S.C. sec. 3663 et. seq. which provides in pertinent part:

The court, when sentencing a defendant convicted of an offense . . . may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense. . . . . The court, in determining whether to order restitution under this section, shall consider . . .
  (I) The amount of the loss sustained by each victim as a result of the offense; and

(II)   The financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

### III.   Argument

In this case the various alleged victims are all seeking some form of financial restitution.  The Defendant is not denying that some restitution is owed.  In fact, the Defendant agreed to payment of restitution as part of his plea agreement.

Therefore, the Defendant is NOT asking the Court to forebear in ordering restitution.  The Defendant understands that the Court shall enter an order of restitution as per the above cited statutes.

What the Defendant seeks is a restitution amount which comports with 18 U.S.C. sec. 3663 et. seq., wherein the Court indeed ORDER restitution as is required, but order that the Court consider the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors as the court deems appropriate.

Further, the Defendant asks that the Court review and consider the definition of the victim as per 18 U.S.C. sec. 2259(c):

> For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by

the court, but in no event shall the defendant be named as such representative or guardian.

The numbers being bandied about are absurd, in the extreme.

This definition does not appear to include insurance companies acting in their proper insurance capacities.   And the Defendant asserts that the mere fact that an insurance company might have paid out on protective policies does not make them a de facto victim under the law.

Thus, Mr. Gust repeats his request that the restitution amount ordered by this Court only be paid to victims, and only for their out of pocket costs not otherwise covered by insurance.

Mr. Gust has no means to make payments or to reduce the restitution amount being sought by the victims of this case – which is in excess of $200,000.00.   The Defendant has no money, no possessions, and will be incarcerated for the better part of the next decade and a half.   Once he is released, he will need to find work for stability.

 Mr. Gust asks that the Court either waive all restitution beyond the deductible out-of-pocket costs.

Respectfully Submitted:

                                                  Dated:  9-16-16

//Ted Sandberg//
_____

By:  Theodore T. Sandberg
Attorney at Law
Olson, Juntunen & Sandberg, Ltd.
315 1st Ave. N.
Grand Forks, North Dakota   58201-5788
Phone:  701-775-4688
Fax:  701-775-2440
Email:  tsandberg@ojs-law.com
Attorney for Defendant Gust