IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WILLIAM GUST,<br><br>Defendant. | Case No. 3:16-CR-00008<br><br>**UNITED STATES' MEMORANDUM REGARDING RESTITUTION** |

The United States of America, by Christopher C. Myers, United States Attorney for the District of North Dakota, and Megan A. Healy, Assistant United States Attorney, and Dana Mulhauser, Trial Attorney in the Civil Rights Division, file this memorandum in aid of sentencing.

## I. FACTUAL BACKGROUND

On December 8, 2015, Defendant Matthew William Gust set fire to Juba Café, a Somali restaurant in Grand Forks, North Dakota. The fire, set around 2 a.m., did not injure anyone, but it caused more than $250,000 worth of property damage, including damage to neighboring businesses, and closed down the Juba Café restaurant indefinitely. On May 19, 2016, the Defendant pleaded guilty to a two-count Information charging malicious use of explosive materials and interference with a federally protected activity, in violation of 18 U.S.C. §§ 844(i) and 245(b)(2)(C) and (F).

At the September 6, 2016 sentencing hearing, this Court imposed a 180-month term of imprisonment, leaving the issue of restitution open for the Court to consider certain legal issues. The two legal issues raised by the Court were:

1. Whether the Court is permitted or required to order restitution for amounts paid to victims by insurance companies.
2. Whether the Court is permitted or required to consider the Defendant's ability to pay when determining the restitution amount.

The United States adds a third issue, which was raised by the Defendant at the sentencing hearing:

3. Whether the Court is permitted or required to reduce the restitution order based on charitable contributions received by the victims.

A discussion of those issues follows.

## II.   ARGUMENT

### A. The Court is Required to Order Restitution for the Full Losses Caused by the Defendant, Including Losses Suffered by Insurance Companies.

The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, requires that the Court impose a restitution order for the full amount of loss suffered by any victim of a specified set of crimes, including crimes against property. 18 U.S.C. § 3663A(c)(1)(A)(ii).  The arson statute to which the Defendant pleaded guilty, 18 U.S.C. § 844(i), is a crime against property under the MVRA.  See United States v. Tolliver, 730 F.3d 1216, 1232–33 (10th Cir. 2013); United States v. Freidel, 2014 WL 2968648, at *1 (D.S.D. July 1, 2014) ("Arson is one of the offenses for which restitution must be

2

ordered"). As the statute's name makes clear, an order of full restitution is mandatory—not discretionary—for crimes that falls under the MVRA.[1]

The question before the Court is whether the money paid out by insurance companies to victims must be included in the restitution order. It must. The MVRA orders that the Court must set restitution amounts without consideration of insurance payments: "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). The statute lays out a two-part procedure for the Court to follow when insurers are involved. First, the Court determines the full amount of losses caused by the Defendant's conduct and orders restitution in that amount. See 18 U.S.C. § 3664(f)(1)(A). Then, the Court sets a schedule and order of preference for the restitution payments, ordering that restitution to the victims be paid prior to restitution to insurers:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation

18 U.S.C. § 3664(j)(1). It is important to note that this provision says that the Court "shall" order restitution to insurers rather than "may" order such restitution. This

---

[1] The Defendant agreed to provide full restitution for the financial harm created by his crime. (See Plea Agreement, DCD 30, at 7). The Plea Agreement states: "Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct." Id. at 8. (emphasis added).

3

reemphasizes the language from Section 3664(f)(1)(B) that restitution must be ordered without discounting for insurance payments.

The Eighth Circuit has held repeatedly that restitution must be paid to insurers. "Under § 3664 of the Act, the court must order restitution be paid directly to an insurer if there was a 'victim' within the meaning of the MVRA and if the insurer compensated the victim for some or all of its loss." United States v. Mancini, 624 F.3d 879, 882 (8th Cir. 2010). See also United States v. Schmidt, 675 F.3d 1164, 1168 (8th Cir. 2012); United States v. Frazier, 651 F.3d 899, 905 (8th Cir. 2011).

### B. The Court May not Reduce or Offset the Restitution Order Based on Charitable Donations Received by the Victims.

As detailed in the victim statements submitted to the Probation Office, at least one victim received charitable donations after the events of this case. The donations came from a crowd-funded internet effort, described by its organizers as a way to "show some support for our fellow Americans at a time when they really need it!" See Support Juba Coffeeshop, Dec. 8, 2015, available at https://www.gofundme.com/9ndxceb7.

Charitable donations may not be considered by the Court when calculating restitution. As noted above, the MVRA prohibits the Court from considering "compensation with respect to a loss from . . . any other source . . . in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). Even if the Court could consider such donations, it is far from clear that the charitable donations here are compensation under the meaning of the restitution statute. The donations were gathered and given as a "show of support," not to offset losses or make a victim whole in the way that restitution is.

Nor may these donations be used as a credit to offset the restitution once it has been ordered. The MVRA allows for a mandatory restitution award to be reduced <u>only</u> in the case of an award for compensatory damages in a federal or state proceeding. 18 U.S.C. § 3664(j)(2). Neither condition applies here.

### C. The Court May Not Consider the Defendant's Ability to Pay When Determining the Restitution Amount.

The MVRA states explicitly that the Court may not consider the Defendant's ability to pay when calculating the restitution amount. 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and <u>without consideration of the economic circumstances of the defendant</u>." (emphasis added)). <u>See also</u> <u>United States v. Ruff</u>, 420 F.3d 772, 774 (8th Cir. 2005) ("In ordering restitution pursuant to the MVRA, a district court must order restitution in full without considering the defendant's economic circumstances.").

The Court may only take the Defendant's ability to pay into consideration when fashioning the restitution <u>schedule</u>. 18 U.S.C. § 3664(f)(1)(B)(2). The Court may, for example, order the Defendant to surrender any current assets, pay only "nominal periodic payments" until he is released from prison, and then set up a more substantive payment schedule once he is released from custody. 18 U.S.C. §§ 3664(f)(3)(A) and (B).

### III. CONCLUSION

The United States respectfully requests that the Court order restitution in the amount of $268,927.72, with individual victims receiving payment in preference to any insurance companies.

Dated: September 19, 2016.

                            CHRISTOPHER C. MYERS
                            United States Attorney

By:   */s/ Dana Mulhauser*
        DANA MULHAUSER
        Trial Attorney
        U.S. Department of Justice
        Civil Rights Division
        601 D Street, NW
        Washington, DC 20530
        (202) 305-0007
        Dana.Mulhauser@usdoj.gov
        Attorney for the United States